## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK B., | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| FRANK BISIGNANO, | : | |
| Commissioner of the Social | : | |
| Security Administration, | : | |
| Defendant | : | NO. 25-3782 |

### MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                  January 30, 2026

  Mark B. ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final

decision of the Commissioner of the Social Security Administration ("the Commissioner"),

denying his claim for Supplemental Security Income ("SSI") under Title XVI of the Social

Security Act. Plaintiff has filed a brief in support of his request for review, the Commissioner has

responded to it, and Plaintiff has filed a reply. For the reasons set forth below, Plaintiff's request

for review is granted and the case remanded to the Commissioner.

### I.  PROCEDURAL HISTORY[1]

  Plaintiff filed his SSI claim on May 3, 2022, alleging that his disability began on March

21, 2021. R. 17. Plaintiff's claim was denied initially and upon reconsideration; hence, he

requested a hearing before an administrative law judge. *Id.* A telephonic hearing was held before

administrative law judge Michele Lazzaro ("the ALJ"), on April 4, 2024. *Id.* Plaintiff, represented

by an attorney, and Donna Nealon, a vocational expert, ("the VE") testified at the hearing. *Id.*

---

[1] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of His Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply to Defendant's Response ("Reply"), and the administrative record. ("R.").

Applying the sequential evaluation process for disability,[2] the ALJ found that Plaintiff was not

disabled, on May 31, 2024.  *Id.*  The Social Security Appeals Council denied review, on May 28,

2025.  R. 1-3.  Plaintiff then sought judicial review in this court.  The parties have consented to

this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.    FACTUAL BACKGROUND

A.    Personal History

Plaintiff, born on February 7, 1985, R. 55, was 39 years old on the date of the ALJ's

decision.  He finished the twelfth grade of schooling, pursued some vocational training in

automobile repair, and last worked in 2016.  R. 55-56.  Plaintiff lives with a friend and her two

children who are 12 and 20 years old.  R. 61-62.

B.    Plaintiff's Testimony

At the April 4, 2024 administrative hearing, Plaintiff testified about his impairments.

Plaintiff has undergone surgery on both knees, one wrist and lower back.  R. 65, 67.  The back

surgery afforded some improvement in his pain; however, he now avoids crouching, because it

---

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1.  If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed.  Otherwise proceed to Step 2.  *See* 20 C.F.R. § 416.920(b).
>
> 2.  If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed.  Otherwise proceed to Step 3.  *See* 20 C.F.R. § 416.920(c).
>
> 3.  If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed.  Otherwise proceed to Step 4.  *See* 20 C.F.R. § 416.920(d).
>
> 4.  If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed.  Otherwise proceed to Step 5.  *See* 20 C.F.R. § 416.920(f).
>
> 5.  The Commissioner will determine whether, given the claimant's residual functional capacity, age, education, and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled.  *See* 20 C.F.R. § 416.920(g).

induces pain at the site of the hardware that was implanted during his back surgery.  R. 68.  Despite surgery, Plaintiff still experiences knee instability.  R. 73.  His psoriatic arthritis causes pain in his feet, which curl up involuntarily, and swelling in his fingers, which prevents him from picking up small objects and causes him to drop objects.  R. 73-75.  Plaintiff estimated that he could walk approximately a mile, stand in one place for 30 to 45 minutes and sit for 45 minutes to an hour.  R. 71-72.  He also stated that he could lift approximately 15-20 pounds multiple times but only off a table.  R. 75.

Plaintiff's depression is quite severe; he frequently feels hopeless and does not leave his bed; he also suffers suicidal ideation.  R. 69.  Occasionally, his personal hygiene suffers, and he fails to shower or brush his teeth.  R. 80.  Plaintiff also isolates himself from the people with which he lives.  R. 81.  His PTSD causes frequent night terrors, which cause inconsistent sleep patterns.  R. 69, 76.  He sometimes sleeps without interruption; other nights he will be unable to sleep.  *Id.*  Plaintiff consistently feels in danger when out in public; he is especially uncomfortable when people walk behind him.  R. 77.  Finally, his anxiety causes him to be irritable and aggressive when out in public.  R. 78.

C.    Vocational Testimony

The VE testified that Plaintiff's past work was a composite job of an inspector in exhaust emissions, a skilled,[3] light[4] position, and auto mechanic, a skilled, medium[5] position that Plaintiff

---

[3] "Skilled work requires qualifications in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form, quality, or quantity of material to be produced.  …  Other skilled jobs may require dealing with people, facts, or figures or abstract ideas at a high level of complexity."  20 C.F.R. § 416.968(c).

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. § 416.967(b).

[5] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing 50 pounds or more."  20 C.F.R. § 416.967(c).

performed at the very heavy level[6] of exertion.  R. 84.  The ALJ asked the VE to consider an individual of Plaintiff's age, education and work experience, who could perform light work, with the following limitations:  unable to climb ladders, ropes or scaffolds, or crawl; occasionally able to climb ramps or stairs and stoop, kneel and crouch; occasionally able to tolerate exposure to extreme cold, wetness or vibration, and hazards such as unprotected heights and moving mechanical parts; able to understand, remember and carry out simple instructions; able to occasionally interact with supervisors, coworkers and the public; able to tolerate occasional changes in a routine work environment.  R. 85.  The VE opined that, although this person could not perform Plaintiff's past work, he could perform an alternative job.[7]  *Id.*  Next, the ALJ asked the VE to consider the same individual as before but limited to sedentary[8] work.  R. 85-86.  The VE opined that this person could perform the following, unskilled[9] jobs:  (1) addresser, 26,000 positions in the national economy; (2) polisher of eye glass frames, 52,000 positions in the national economy; (3) compact assembler, 182,000 positions in the national economy; and (4) cuff folder, 118,000 positions in the national economy.  R. 86.  The VE opined that employers only tolerate an employee being off-task 10% to 15% of the day and absences once or twice per month.  R. 87.

Plaintiff's attorney asked the VE to consider the same individual described in the second, sedentary work hypothetical, adding that the person could not respond appropriately to routine changes in the work setting; the VE opined that this person could not work.  R. 88.  Likewise, if

---

[6] "Very heavy work involves lifting objects weighing more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."  20 C.F.R. § 416.967(c).

[7] The ALJ did not rely upon the position the VE identified, because she found Plaintiff was limited to sedentary work; hence, the court does not list this job.

[8] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking or standing is often necessary in carrying out job duties."  20 C.F.R. § 416.967(a).

[9] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time.  The job may or may not require considerable strength . . . [a] person does not gain work skills by doing unskilled jobs."  20 C.F.R. § 416.968(a).

the individual in the second hypothetical could not sustain an ordinary routine without supervision,

he could not work. *Id.*

### III.    THE ALJ's FINDINGS

In her decision, the ALJ issued the following findings:

1.    [Plaintiff] has not engaged in substantial gainful activity since May 3, 2022, the application date (20 CFR 416.971 *et seq,*).

2.    [Plaintiff] has the following severe impairments: degenerative disc disease of the cervical and lumbar spine, lumbar spondylolisthesis, osteoarthritis of the bilateral knees, psoriatic arthritis, substance use disorder, major depressive disorder, generalized anxiety disorder, attention deficit hyperactivity disorder (ADHD), and posttraumatic stress disorder (PTSD) (20 CFR 416.920(c)).

3.    [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4.    After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a), except that he can never climb ladders, ropes or scaffolds; never crawl; occasionally climb ramps or stairs; occasionally balance, as defined in the *Dictionary of Occupational Titles* (DOT); occasionally stoop; occasionally kneel; and occasionally crouch. [Plaintiff] can tolerate occasional exposure to extreme cold, wetness, vibration and hazards, such as unprotected heights and moving mechanical parts. He can understand, remember, and carry out simple instructions; occasionally interact with supervisors, co-workers, and the public; and deal with occasional changes in a routine work setting.

5.    [Plaintiff] is unable to perform any of his past relevant work (20 CFR 416.965).

6.    [Plaintiff] was born on February 7, 1985 and was 37 years old, which is defined as younger individual age 18-44, on the date the application was filed (20 CFR 416.963).

7.      [Plaintiff] has at least a high school education (20 CFR 416.964).

8.      Transferability of skills is not material to the determination of disability because using the Medical-Vocational rules as a framework supports a finding that he is "not disabled," whether or not [Plaintiff] has transferrable skills. (See SSR 82-41 and 20 CFR Part P, Subpart P, Appendix 2).

9.      Considering his age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 416.969 and 416.969a).

10.     [Plaintiff] has not been under a disability, as defined in the Social Security Act, since May 3, 2022, the date the application was filed (20 CFR 416.920(g)).

R. 19-20, 24, 38-39.

## IV.    DISCUSSION

A.      <u>Standard of Review</u>

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ, and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different

conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.    Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents her from returning to her past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that her impairment results in functional limitations to performing her past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given her age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.    <u>Review of the Administrative Law Judge's Decision</u>

Applying the SEP, the ALJ determined that, although Plaintiff was unable to perform his past relevant skilled work, he could perform other unskilled, sedentary work; hence, he was not disabled.  R. 17-40.  Plaintiff disputes the ALJ's decision and argues that the ALJ committed reversible legal error by:  (1) improperly evaluating his mental impairments; and (2) improperly evaluating his physical impairments.  Pl. Br. at 3-15.  The Commissioner denies Plaintiff's assertions.  Resp. at 5-14.  This court finds that the ALJ committed legal error when adopting Matthew Cohen, M.D.'s opinion that Plaintiff could only sit for two hours in an eight-hour workday, which precludes sedentary work, but, nonetheless, found Plaintiff could perform sedentary work.  Because the ALJ's decision to accept Dr. Cohen's opinions is irreconcilable with her determination that Plaintiff can perform sedentary work, this case must be remanded so that the ALJ can reconsider whether to credit Dr. Cohen's opinions concerning Plaintiff's exertional limitations.[10]

The ALJ noted that, on April 11, 2024, Dr. Cohen provided medical opinions about Plaintiff's physical ability to work.  R. 37.  The ALJ explicitly found Dr. Cohen's opinions about Plaintiff's exertional limitations persuasive.  *Id.*  For over 40 years, the Commissioner has defined the ability to sit as an exertional ability.  Social Security Ruling ("SSR") 83-10, 1983 WL 31251, *5.  Hence, this court is forced to conclude that the ALJ accepted Dr. Cohen's opinion concerning how long Plaintiff can sit.

Dr. Cohen opined that Plaintiff's maximum ability to sit was two hours in an eight-hour workday.  R. 1792.  The ability to sit for only two hours in an eight-hour workday precludes the

---

[10] The court finds it unnecessary to consider Plaintiff's other argument.

performance of sedentary work, which requires the ability to sit for six hours in an eight-hour workday.  SSR 83-10, 1983 WL 31251, *5.  Hence, the ALJ accepted a medical opinion that precludes Plaintiff's ability to perform the sitting required for sedentary work.  Because the ALJ decided to accept Dr. Cohen's sitting limitation, the ALJ could not have properly concluded that Plaintiff could perform sedentary work.  It is apparent to the court that the ALJ failed to appreciate that SSR 83-10 defines sitting as an exertional ability, which is a legal error.  Hence, this case should be remanded so that then ALJ can reconsider if she intended to accept Dr. Cohen's sitting limitation, which precludes sedentary work.

An implementing order and order of judgment follow.